**F I L E D**

PUBLISH

**December 12, 2005**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ABDALLAH HASSAN MAHAMAT,

Petitioner,

v.

No. 04-9571

ALBERTO R. GONZALES, Attorney
General, [*]

Respondent.

---

**PETITION FOR REVIEW FROM THE BOARD OF
IMMIGRATION APPEALS
(No. A76-912-015)**

---

Hakeem Ishola, Salt Lake City, Utah, for Petitioner.[**]

Richard M. Evans, Marshall Tamor Golding, U.S. Department of Justice, Office
of Immigration Litigation, Washington D.C., for Respondent.

---

[*]     On February 4, 2005, Alberto R. Gonzales became the United States
Attorney General.  In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the
Respondent in this action.

[**]     After examining the brief and appellate record, this panel has determined
unanimously to grant the petitioner's request for a decision without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

Before **TYMKOVICH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

**TYMKOVICH**, Circuit Judge.

---

This petition for review challenges the Board of Immigration Appeals' (BIA's) decision rejecting petitioner Abdallah Hassan Mahamat's ineffective-assistance-of-counsel claim. We deny the petition.

## BACKGROUND

In 1998, Mr. Mahamat, a native and citizen of Chad, entered the United States on a non-immigrant tourist visa. He overstayed his visa and married Safia Ibrahim, a Sudanese national, who has since become a U.S. citizen.

In 1999, Mr. Mahamat appeared before an asylum officer and submitted an application prepared by attorney Steven R. Lawrence for asylum, restriction on removal and protection against torture. The application was based on Mr. Mahamat's Gorane ethnicity and his political ties and activities in opposition to Chadian president Idriss Deby. On October 23, 2002, an Immigration Judge (IJ) denied the application. The IJ ordered Mr. Mahamat removed to Chad, but granted him voluntary departure until November 22, 2002. Mr. Mahamat retained Mr. Lawrence to appeal.

On either November 21 or 22, 2002, Mr. Lawrence deposited a notice of appeal with United Parcel Service (UPS) for next day delivery to the Board of

Immigration Appeals (BIA). But because of a shipping delay, the BIA did not receive the notice until November 26. On January 28, 2003, the BIA dismissed the appeal as untimely, explaining that the notice was due no later than November 22, 2002.

Mr. Lawrence then filed a motion to reconsider, stating that he prepared the notice of appeal on November 21, 2002, and deposited it with UPS on November 22 for next day delivery. The Department of Homeland Security filed an opposition to reconsideration, noting that under Mr. Lawrence's recounting of events, the notice of appeal would have been untimely even if properly delivered by UPS. In response, Mr. Lawrence submitted a "Corrected Affidavit," stating that he deposited the notice with UPS on November 21, rather than November 22, as he had originally claimed. Mr. Lawrence further stated that "it was not the fault of [Mr. Mahamat] for the untimeliness of the filing but that of counsel," and that "[Mr. Mahamat] should not be responsible for the clear mistake of counsel." Admin. R. at 90. In September 2003, the BIA denied the motion to reconsider, reasoning that there was "no error of law or fact" in the decision to dismiss the appeal. *Id.* at 93.

Mr. Mahamat retained new counsel, Leonor Perretta, who filed a bar complaint against Mr. Lawrence. Mr. Mahamat executed a supporting affidavit, stating that in a discussion with Mr. Lawrence in December 2002 or January

2003, Mr. Lawrence faulted UPS for the notice of appeal's late delivery and indicated that he would file a motion to reconsider with the BIA. Mr. Mahamat contended that Mr. Lawrence rendered ineffective assistance in appealing late.

Next, in November 2003, Ms. Perretta filed with the BIA a "Motion to Accept Late Filed Appeal or Reinstate Appeal." *Id.* at 39. On June 22, 2004, the BIA construed the motion as seeking reconsideration and denied it, stating that the motion failed to meet the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and that the motion was untimely and number-barred. Mr. Mahamat retained new counsel and petitioned this court for review.

## DISCUSSION

Mr. Mahamat characterizes his "Motion to Accept Late Filed Appeal or Reinstate Appeal" as a motion to reopen, rather than a motion for reconsideration, which, he acknowledges, would be number-barred, *see* 8 C.F.R. § 1003.2(b)(2) (stating that "[a] party may file only one motion to reconsider"). Even if we accept that characterization, [3] we must still deny the petition.

---

[3]    A motion to reopen seeks to present evidence that "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see also* 8 U.S.C. § 1229a(c)(7)(B). A motion to reconsider, on the other hand, is available to raise errors of fact or law committed by the BIA in its prior decision, and must be supported by pertinent authority. 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). In *Galvez Pineda v. Gonzales*, 427 F.3d 833, 837 (10th Cir. 2005), we observed that "[t]he appropriate method of present[ing] [an ineffective assistance claim] is a motion to reopen the

(continued...)

-4-

The decision to grant or deny a motion to reopen proceedings is within the BIA's discretion. 8 C.F.R. § 1003.2(a). We will reverse only if the BIA's "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Osei v. INS*, 305 F.3d 1205, 1208 (10th Cir. 2002) (quotation marks omitted).

A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2); *see also* 8 U.S.C. § 1229a(c)(7)(C)(i). Here, Mr. Mahamat's motion was filed over nine months after the BIA rendered its final decision dismissing Mr. Mahamat's appeal. [4] Consequently, the motion was untimely.

Mr. Mahamat asserts, however, that the BIA should have equitably tolled the filing time. "For an untimely claim to receive the benefit of equitable tolling, . . . an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel, but that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll." *Iavorski v. INS*, 232 F.3d 124, 135 (2d Cir. 2000), *see also Riley v. INS*,

---

[3](...continued)
case before the BIA."

[4]     A motion for reconsideration does not affect a removal order's finality. *Stone v. INS*, 514 U.S. 386, 405 (1995).

310 F.3d 1253, 1258 (10th Cir. 2002) (joining the Second and Ninth Circuits in holding that motions to reopen are subject to equitable tolling). The issue of equitable tolling must be exhausted through the BIA in order for this court to reach the issue. *See* 8 U.S.C. § 1252(d)(1) (providing that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"); *Taniguchi v. Schultz*, 303 F.3d 950, 955 (9th Cir. 2002) (stating that equitable tolling of the time to reopen is not available where tolling "was not argued to the BIA nor discussed by the BIA"); *see also Galvez Pineda v. Gonzales*, 427 F.3d 833, 837 (10th Cir. 2005) (observing that a "[f]ailure to exhaust administrative remedies by not first presenting a claim to the BIA deprives this court of jurisdiction to hear it"). Nowhere in the "Motion to Accept Late Filed Appeal or Reinstate Appeal," which was filed over six months after the deadline for seeking reopening, did Mr. Mahamat seek a filing extension, ask the BIA to equitably toll the deadline, or even acknowledge that the motion was late. Because Mr. Mahamat did not exhaust the equitable tolling issue through the BIA, it was not preserved for our review, and we lack jurisdiction to consider the issue.

We also lack jurisdiction insofar as Mr. Mahamat argues that the BIA should have certified his case for review under 8 C.F.R. § 1003.1(c). That regulation provides:

> The . . . [BIA] may in any case arising under paragraph (b) of this section [defining the BIA's appellate jurisdiction] certify such case to the [BIA]. The [BIA] in its discretion may review any such case by certification without regard to the [notice] provisions of § 1003.7 if it determines that the parties have already been given a fair opportunity to make representations before the [BIA] regarding the case . . . .

8 C.F.R. § 1003.1(c). "The BIA occasionally avoids an untimeliness problem by dismissing an untimely appeal and accepting the case on certification . . . ." *Shamsi v. INS*, 998 F.2d 761, 762 n.2 (9th Cir. 1993) (discussing § 1003.1(c)'s predecessor, 8 C.F.R. § 3.1(c)); *see also Desta v. Ashcroft*, 329 F.3d 1179, 1185 (10th Cir. 2003) (recognizing that certification allows the BIA to review "a 'case' that otherwise could not properly be heard"). But Mr. Mahamat does not contend that he ever asked the BIA for certification. *See Galvez Pineda*, 427 F.3d at 837 (discussing exhaustion requirement). Nor does he suggest any standards to judge the BIA's exercise of discretion. *See Heckler v. Chaney*, 470 U.S. 821, 830 (1985) ("[I]f no judicially manageable standards are available for judging how and when an agency should exercise its discretion, then it is impossible to evaluate agency action for abuse of discretion." (quotation marks omitted)); *see, e.g.*, *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004) (holding that this court lacked jurisdiction to consider whether the BIA should have sua sponte reopened proceedings under 8 C.F.R. § 1003.2(a), "because there are no standards

by which to judge the agency's exercise of discretion"). Consequently, the certification issue is beyond review.

## CONCLUSION

The BIA correctly decided that Mr. Mahamat's "Motion to Accept Late Filed Appeal or Reinstate Appeal" was untimely. As such, we need not decide whether the BIA abused its discretion in finding the motion number-barred or non-compliant with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

The petition for review is DENIED. The Attorney General's motion for summary denial is also DENIED. *See* 10th Cir. R. 27.2(A)(1).