FILED
United States Court of Appeals
Tenth Circuit

April 11, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

PIERRE MERA-PANDURO, a/k/a
Pierre-Mera,

        Petitioner,

v.

MICHAEL B. MUKASEY, United
States Attorney General,

        Respondent.

No. 07-9583

(No. A045-629-060)

(Petition for Review)

---

### ORDER AND JUDGMENT[*]

---

Before **KELLY**, **ANDERSON** and **McCONNELL**, Circuit Judges.

---

## I. BACKGROUND

Petitioner Pierre Mera-Panduro, a native and citizen of Peru, was a lawful

permanent resident of the United States. On September 27, 1999, he pleaded

guilty to a Colorado felony charge of possession of cocaine, and as a result was

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

charged on March 2, 2007, with being a deportable alien. *See* 8 U.S.C. § 1227(a)(2)(B)(i) (alien is deportable if convicted under "any law or regulation of a State, the United States, or a foreign country relating to a controlled substance . . . , other than a single offense involving possession for one's own use of 30 grams or less of marijuana). Mr. Mera applied for cancellation of removal, restriction on removal, and asylum, stating that he feared reprisals from Peru's Shining Path and Tupac Amaru guerilla movements because in the mid-1990s he insulted a Shining Path higher-up on a personal matter and informed on him to the police. On June 21, 2007, after a hearing before an immigration judge (IJ), these applications were denied and Mr. Mera was ordered to be deported to Peru. He took an appeal to the Board of Immigration Appeals, but never filed a brief or otherwise explained the basis for his appeal, and on September 12, 2007, the BIA summarily dismissed the appeal for failure to prosecute. Mr. Mera filed a motion to reopen the appeal, but on November 7, 2007, the BIA denied his request.

## II. DISCUSSION

Mr. Mera brought the instant petition for review on November 28, 2007. In it, he argues as though the merits of his immigration case were at stake. The government contends, and we agree, that all we may review is the BIA's refusal to reopen his appeal. A petition for review of a final order of removal must be filed in this Court within thirty days of the date of the order, 8 U.S.C. § 1252(b)(1), making Mr. Mera's petition forty-seven days too late for review of

the September 12 dismissal of his BIA appeal. Moreover, Congress has expressly denied the courts jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered," among other places, in 8 U.S.C. § 1227(a)(2)(B), as was Mr. Mera's cocaine offense. *Id.* § 1252(a)(2)(C). The BIA's denial of the motion to reopen, however, is a separate final order which we have jurisdiction to review. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004).

A motion to reopen in the BIA must "state the new facts that will be proven at a hearing to be held if the motion is granted" and "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Our review of the BIA's decision is for abuse of discretion, *Galvez Piñeda v. Gonzales*, 427 F.3d 833, 838 (10th Cir. 2005), and "[w]e will reverse only if the BIA's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005) (internal quotation marks omitted).

On review, we agree with the BIA that none of the evidence Mr. Mera brought forward in the motion to reopen contained information he could not have discovered sooner and presented during his removal proceedings, for which he received several continuances. We further agree that reopening the appeal would

have been pointless. Mr. Mera was never eligible for cancellation of removal because he had not accrued five years of time in the United States before committing a removable offense. *See* 8 U.S.C. § 1229b(a)(1), (d)(1)(B). He was not eligible for asylum or restriction on removal because insulting and informing on a guerilla leader is not protected conduct. *Id.* §§ 1101(a)(42), 1158(b)(1)(A) (asylum); § 1231(b)(3)(A) (restriction on removal). And although Mr. Mera purported in the motion to reopen to add a new claim for relief under the Convention Against Torture, he gave no hint that he feared torture "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," as would be required. 8 C.F.R. § 1208.18(a)(1). The BIA did not abuse its discretion in refusing to reopen an appeal on these grounds.

### III. CONCLUSION

For these reasons, this petition for review is **DENIED**. Petitioner's motion for leave to proceed *in forma pauperis* is **GRANTED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge