FILED
United States Court of Appeals
Tenth Circuit

February 13, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WIDYAWATI RESNY DELARIVA;
BONA PASU MAROJOHAN,

     Petitioners,

v.

ERIC H. HOLDER, JR.,[*]
United States Attorney General,

    Respondent.

No. 08-9501
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

---

On October 11, 2006, petitioners (husband and wife) appeared with counsel

at a hearing before an immigration judge (IJ) on their applications for asylum,

restriction on removal and protection under the Convention Against Torture.

---

[*]     Pursuant to Fed. R. App. P. 43(c)(2), Eric H. Holder, Jr. is substituted for
Michael B. Mukasey as the respondent in this appeal.

[**]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The IJ denied their applications and noted that any notice of appeal was due no later than "Nov. 13, 2006." R. at 56. Petitioners admit they were aware of the deadline. More than seven months after the deadline expired, petitioners, through new counsel, filed with the Board of Immigration Appeals (BIA) a notice of appeal and "Motion For Late Filing Of Notice Of Appeal Based On Ineffective Assistance Of Counsel." R. at 26. They asked the BIA to accept their untimely appeal on the grounds that their previous lawyer promised to file an appeal but failed to do so. Specifically, they argued that the failure to file an appeal "represents an exceptional situation created by the ineffective assistance of [their previous lawyer], resulting in a denial of [their] constitutionally mandated right to due process and right to counsel." *Id*. at 27.

The BIA denied the motion and dismissed the appeal for lack of jurisdiction. It concluded that even though petitioners' "motion does seem to establish substantial compliance with the procedural requirements to establish an ineffective assistance of counsel claim . . . there is no objective evidence of any agreement entered into for representation during the appeal process." *Id*. at 2-3. It further concluded that because petitioners were aware of the deadline, their failure to file a timely appeal did not "warrant acceptance of [the] appeal on certification," nor was there prejudice. *Id*. at 3.

On appeal, petitioners advance a mix of arguments. First, accepting petitioners' characterization of their "Motion For Late Filing Of Notice Of Appeal

Based On Ineffective Assistance Of Counsel" as a motion to reopen, we deny the petition. "The decision to grant or deny a motion to reopen proceedings is within the BIA's discretion." *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005) (citing 8 C.F.R. § 1003.2(a)). "We will reverse only if the BIA's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id*. (quotation marks omitted). The order carefully examined the facts surrounding the alleged failure to file the appeal and discussed relevant statutes, regulations, case law, and BIA precedent.

Next, citing *Zhong Guang Sun v. United States Department of Justice*, 421 F.3d 105 (2d Cir. 2005) and *Oh v. Gonzales*, 406 F.3d 611 (9th Cir. 2005), petitioners argue "the BIA may nonetheless take jurisdiction over an untimely appeal in rare or extraordinary circumstances by certifying a case for review." Pet'r Br. at 4-5. These cases are inapposite because they concern instances where the BIA failed to exercise its discretion. Here, the BIA considered the circumstances surrounding the untimely filing and exercised its discretion to deny the motion. Moreover, to the extent petitioners challenge the BIA's refusal to accept the case on certification under 8 C.F.R. § 1003.1(c), we lack jurisdiction over that issue because there are no standards by which to judge the agency's exercise of discretion. *Mahamat*, 430 F.3d at 1284.

Last, petitioners claim "the totality of the circumstances . . . represents an extraordinary circumstance as it is in effect a violation of [their] right to due process. Based on their right to due process and right to counsel [they] need not show prejudice." Pet'r Br. at 6-7. Setting aside the fact there is no Sixth Amendment right to counsel in deportation proceedings, an alien's constitutional rights arise under the Fifth Amendment's guarantee of due process and require a showing of prejudice. *Akinwunmi v. INS*, 194 F.3d 1340, 1341 n.2 (10th Cir. 1999) (per curiam). The standard for showing prejudice in this context is "whether there is a reasonable likelihood" the outcome would have been different. *United States v. Aguirre-Tello*, 353 F.3d 1199, 1209 (10th Cir. 2004) (en banc).[1] Petitioners have not even attempted to demonstrate how an appeal would have

---

[1] We note that since briefing was completed, the Attorney General issued an opinion in which he concluded that aliens in removal proceedings have no constitutional right to counsel under the Fifth or Sixth Amendments, and that "to establish prejudice arising from a lawyer's deficient performance sufficient to permit reopening, the alien must show that but for the deficient performance, it is more likely than not that the alien would have been entitled to the ultimate relief he was seeking." *Matter of Compean*, 24 I. & N. Dec. 710, 726, 733-34 (A.G. 2009). Even if we followed *Compean*, it would have no impact on our disposition.

changed the outcome; indeed, it is difficult to imagine how they could do so given the concession their lawyer was *not* ineffective at the merits hearing.

The petition is DENIED.

Entered for the Court


Terrence L. O'Brien
Circuit Judge