FILED
United States Court of Appeals
Tenth Circuit

October 30, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MIHIRETAB TESHOME JOBIRA;
BEZA TESHOME JOBIRA,

Petitioners,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 11-9561
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

Mihiretab Teshome Jobira and Beza Teshome Jobira are natives and citizens of

Ethiopia who overstayed their visitor visas. An Immigration Judge denied their

applications for asylum and the Board of Immigration Appeals (BIA) dismissed their

_____

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal.  Dissatisfied, the Jobiras retained new counsel and filed a petition for review, which we denied.  *Jobira v. Holder*, 438 F. App'x 731, 735 (10th Cir. 2011) (unpublished).  Still dissatisfied, the Jobiras filed a motion to reopen deportation proceedings eight months after the BIA's dismissal of their appeal.  The BIA denied the motion as untimely and concluded that equitable tolling of the filing deadline was not warranted.  Now again before us, the Jobiras file a petition for review of the BIA's decision to deny their motion to reopen.

A motion to reopen must be filed no later than ninety days after "the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2).  Having filed this motion far more than ninety days after the BIA's dismissal, the Jobiras look to the doctrine of equitable tolling for help.  And, in fact, the ninety day period may be equitably tolled only if (1) their constitutional right to due process has been violated by their counsel's conduct and (2) they have "exercised due diligence in pursuing the case during the period" they seek to toll. *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005).  The BIA's assessment whether equitable tolling is appropriate under this standard is something we review for abuse of discretion.  *Id.*

We see none in this case.  To be sure, the Jobiras charge the BIA with failing to explain adequately the basis for its denial of equitable tolling, and they argue that the standard for tolling is, in fact, met.  Neither charge, however, bears scrutiny.  Our review of the record confirms that the BIA clearly and correctly explained that the

Jobiras didn't establish prejudice flowing from their counsel's alleged conduct. The BIA observed that the Jobiras motion to reopen did not include with it any of the material they allege would have made a difference in their case. Specifically, the Jobiras did not attach an affidavit from their brother — who the Jobiras allege would have offered helpful testimony — despite the fact that he was living with the Jobiras at the time of the merits hearing. Neither did the Jobiras identify any of the allegedly helpful legal authority they claim prior counsel should have presented to the BIA on appeal. It is for these clearly explained reasons the BIA concluded the Jobiras failed to carry their burden of prejudice and we see nothing to indicate the BIA abused its discretion in any way.

The petition for review is denied.

Entered for the Court

Neil M. Gorsuch
Circuit Judge