**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JOSE SUAREZ-SANCHEZ,

     Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

     Respondent.

Nos. 14-9557, 14-9615, 15-9518
(Petitions for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

     Jose Suarez-Sanchez seeks review of three orders by the Bureau of

Immigration Appeals (BIA) denying his motions to reopen removal proceedings.[1]

We deny his petitions for review.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Suarez-Sanchez filed three motions to reopen and a separate petition to review each order denying them. This generated three separate cases on appeal, which we have consolidated for procedural purposes.

# I. Background

Mr. Suarez-Sanchez is a native and citizen of Mexico who came to the United States illegally and became the subject of removal proceedings in 2009. He conceded removability, but, with the help of an attorney, applied for cancellation of removal on grounds that it would cause exceptional hardship to two of his children. *See* 8 U.S.C. § 1229b(b). Alternatively, he requested permission to depart voluntarily. *See* 8 U.S.C. § 1229c. Following a hearing, an Immigration Judge (IJ) denied Mr. Suarez-Sanchez's application for cancellation of removal, but granted his request for voluntary departure. The BIA dismissed his appeal.

Mr. Suarez-Sanchez did not leave the country as directed. Instead, he hired a new attorney who filed a motion to reopen removal proceedings after the voluntary departure period had expired. The BIA denied the motion. Mr. Suarez-Sanchez filed two subsequent motions to reopen, which the BIA also denied.

As noted above, Mr. Suarez-Sanchez filed a petition to review each order denying his motions to reopen.

# II. Relevant Law

An alien may file one motion to reopen removal proceedings within 90 days after the final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i).

We review the denial of a motion to reopen for abuse of discretion. *See Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs

from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id*. (internal quotation marks and citation omitted).

### III. First Motion to Reopen

The BIA denied Mr. Suarez-Sanchez's first motion to reopen because he failed to leave the country within the 60-day voluntary departure period, making him ineligible for cancellation of removal, *see* 8 U.S.C. § 1229c(b)(2), (d)(1)(B), which is the relief he sought in the first place. Mr. Suarez-Sanchez did not file a motion to reconsider, *see* 8 U.S.C. § 1229a(c)(6) (allowing an alien to file a motion to reconsider within 30 days after a final order), or challenge the BIA's ruling in his subsequent motions to reopen. *See Mena-Flores v. Holder*, 776 F.3d 1152, 1161 (10th Cir. 2015); *Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007). Instead, he filed a petition for review in this court, where he argues for the first time that the BIA violated his statutory and due process right to file a motion to reopen within 90 days. But Mr. Suarez-Sanchez failed to exhaust this argument, and thereby deprived us of jurisdiction to consider it.[2] *See* 8 U.S.C. § 1252(d)(1) (providing, "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available").

---

[2] The exhaustion requirement does not apply to constitutional claims the BIA lacks authority to resolve. *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008). But although Mr. Suarez-Sanchez frames his argument in terms of constitutional due process, it is a claim of procedural error that the BIA could have remedied. *See id*; *Akinwunmi v. I.N.S.*, 194 F.3d 1340, 1341 (10th Cir. 1999) (per curiam).

3

## IV. Second Motion to Reopen

In his second motion to reopen, Mr. Suarez-Sanchez requested a new hearing on grounds that his former attorney was ineffective. The BIA denied the motion because it was filed more than 90 days after the final order of removal, making it untimely. *See* 8 C.F.R. § 1003.2(c)(2). Mr. Suarez-Sanchez argues the BIA should have equitably tolled the time limit and granted his motion.

"[T]o receive the benefit of equitable tolling, an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel, but that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll." *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005) (ellipsis and internal quotation marks omitted).

The BIA concluded Mr. Suarez-Sanchez had not shown due diligence in pursuing his ineffective assistance claim, and specifically noted that he offered no explanation for his failure to raise the issue in his first motion to reopen. Indeed, aside from the conclusory statement that he "exercised due diligence in this matter," AR at 140, Mr. Suarez-Sanchez's motion fails to describe in any detail his efforts to pursue this claim before the limitation period expired. And as the BIA also recognized, Mr. Suarez-Sanchez did not allege that his former attorney's actions caused any delay. Because the BIA provided a rational explanation for declining to equitably toll the filing deadline, we conclude it did not abuse its discretion. *See Maatougui*, 738 F.3d at 1239.

4

## V. Third Motion to Reopen

Mr. Suarez-Sanchez filed a petition to review the BIA's order denying his third motion to reopen (which the BIA construed as a motion to reconsider), but his opening brief does not specifically address it. Rather, he argues only that the BIA erred by denying his first and second motions to reopen. We therefore conclude Mr. Suarez-Sanchez has forfeited any claims related to the third. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (stating, "the omission of an issue in an opening brief generally forfeits appellate consideration of that issue").

## VI. Conclusion

We deny Mr. Suarez-Sanchez's petitions for review.

Entered for the Court

Jerome A. Holmes
Circuit Judge

5