FILED
United States Court of Appeals
Tenth Circuit

March 1, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HAMZA BALLAD,

      Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

      Respondent.

No. 15-9563
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PORFILIO**, and **BALDOCK**, Circuit Judges.
_____

Hamza Ballad, a native and citizen of Morocco, challenges the Board of

Immigration Appeals' (BIA's) denial of his motion to reopen removal proceedings.

Exercising jurisdiction under 8 U.S.C. § 1252(a)(1), we deny Ballad's petition.

**BACKGROUND**

Ballad lawfully entered the United States on a student visa in 2008.  He was soon

placed in removal proceedings, however, for violating the conditions of his visa.  He

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeared before an immigration judge (IJ) and sought asylum, restriction on removal, and protection under the Convention Against Torture. The IJ denied relief and ordered Ballad removed to Morocco. The BIA dismissed his appeal in March 2013, and a panel of this court dismissed in part and denied in part his subsequent petition for review. *See Ballad v. Holder*, 554 F. App'x 705 (10th Cir. 2014).

Soon after this court's decision, Ballad's U.S. citizen wife submitted to the U.S. Citizenship & Immigration Services (USCIS) an I-130 Petition for Alien Relative on Ballad's behalf. USCIS granted the petition in April 2015, and in June, Ballad filed with the BIA a motion to reopen the removal proceedings. In the motion, he cited the approved I-130 petition and indicated his intent to seek adjustment of status if his case was reopened. The BIA denied the motion as untimely and declined to exercise its authority to sua sponte reopen the proceedings.

## DISCUSSION

We review the denial of a motion to reopen for abuse of discretion. *See Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted).

An alien may file a motion to reopen within 90 days after the final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). Ballad filed his motion more than two years after the final removal order in his case. While there are exceptions to the 90-day deadline—including (1) if the removal order was entered in absentia, 8 C.F.R. § 1003.2(c)(3)(i);

2

(2) if the motion to reopen was filed for the purpose of applying "for asylum or withholding of deportation based on" changed country conditions, *id.* § 1003.2(c)(3)(ii); (3) if the motion was jointly filed by the parties, *id.* § 1003.2(c)(3)(iii); or (4) if the Government filed the motion, *id.* § 1003.2(c)(3)(iv)—Ballad does not invoke any of these exceptions.[1]

Instead, Ballad argues that "exceptional circumstances" warranted reopening "because [he] was eligible to adjust his status based upon" his wife's approved I-130 petition. Pet'r Br. at 15. This argument lacks merit.

First, to the extent Ballad is challenging the BIA's refusal to sua sponte reopen, *see In re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997) (recognizing the BIA's authority "to reopen proceedings sua sponte in exceptional situations"), we lack jurisdiction to review that decision, *see Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270–71 (10th Cir. 2013).

Second, to the extent Ballad is seeking equitable tolling, *see Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005) (requiring ineffective assistance of counsel and due diligence in pursuing relief), Ballad did not present such a claim to the BIA. It is therefore unexhausted and beyond our review. *See id.*

Third, we reject Ballad's assertion that the BIA's denial of his motion to reopen violated due process by "depriv[ing] him of an ability to become a lawful permanent resident." Pet'r Br. at 16. Ballad has no liberty or property interest in the reopening of removal proceedings, which is a purely discretionary form of relief. *See Aguilera v.*

---

[1] Congress has exempted battered spouses, children and parents from the 90-day filing deadline requirement, *see* 8 U.S.C. § 1229a(c)(7)(C)(iv), but Ballad does not claim this statute applies here.

*Kirkpatrick*, 241 F.3d 1286, 1293 (10th Cir. 2001); *accord Moosa v. Holder*, 644 F.3d 380, 385 (7th Cir. 2011); *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008).

Finally, although Ballad is the beneficiary of his wife's approved I-130 petition and "presumptively eligible to adjust his status," Pet'r Br. at 15, that does not change the fact that his motion to reopen was untimely. "[U]ntimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the . . . exceptions to the time limits for motions to reopen before the" BIA. *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (BIA 2009); *see also In re Velarde–Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002) (permitting the agency to reopen removal proceedings to allow an alien to apply to adjust status based on marriage to a U.S.-citizen only if the motion to reopen was "timely filed"), *overruled in part on other grounds by In re Avetisyan*, 25 I. & N. Dec. 688, 693-94 (BIA 2012).

In short, the BIA did not abuse its discretion by denying Ballad's motion to reopen.

CONCLUSION

The petition for review is denied.

Entered for the Court


John C. Porfilio
Circuit Judge

4