**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 20, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTONIO ANTONIO,

        Petitioner,

v.

LORETTA LYNCH, United States
Attorney General,

        Respondent.

No. 16-9506
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

        Antonio V. Antonio, a citizen of the Philippines, entered the United States in

February 2002 pursuant to a B-2 visa. He should have left by August 2002. When he did

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

        This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

not, the government initiated removal proceedings against him under 8 U.S.C. § 1227(a)(1)(B). Antonio admitted removability and informed the Immigration Judge (IJ) he would be seeking voluntary departure at his removal hearing. But he did not appear at the hearing and the IJ ordered him removed to the Philippines in absentia.[1]

Almost ten years later, Antonio filed a motion to reopen his removal proceedings with the IJ. He claimed one of his immigration attorneys, Daniel Boyle,[2] told him that if he did not appear at the hearing, he would be ordered removed in absentia but could later reopen his case through a marriage petition filed by his wife. Although he acknowledged his motion to reopen was untimely,[3] he nevertheless claimed the filing deadline should be equitably tolled because his other immigration attorney, Kenneth Eichner, and an unnamed California attorney had told him he had no basis to reopen his removal proceedings. He claims this advice discouraged him from filing a motion to reopen earlier. Only after he retained current counsel did he become aware of the possibility of reopening based on Boyle's deficient performance.

---

[1] Apparently his strategy has worked. It appears he is still in the United States.

[2] According to Antonio's affidavit, his attorney, Kenneth Eichner, referred his case to Boyle, who assisted Eichner from the beginning of the representation. While Eichner appeared with Antonio at the initial hearing before the IJ, Boyle was the only attorney present when he admitted removability and sought voluntary departure. The business relationship between Eichner and Boyle is unclear, at best.

[3] *See* 8 U.S.C. § 1229a(b)(5)(C)(i) (an in absentia removal order may be rescinded "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances").

The IJ denied the motion as untimely. Although Antonio had complied with the requirements of *Matter of Lozada*[4] regarding his ineffective assistance of counsel claim against Boyle, the judge concluded he had not exercised due diligence. *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005) ("[T]o receive the benefit of equitable tolling, an alien must demonstrate not only that the alien's constitutional right to due process has been violated by the conduct of counsel, but that the alien has exercised due diligence in pursuing the case during the period the alien seeks to toll.") (quotation marks omitted). The BIA agreed.[5]

We review the denial of a motion to reopen for abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2012). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (quotation marks omitted).

Antonio admits he "does not have an elaborate argument in terms of due diligence." (Petitioner's Op. Br. at 12.) He merely relies on the advice he received from

---

[4] 19 I. & N. Dec. 637, 639 (BIA 1988) (a party moving to reopen based on the ineffective assistance of counsel must (1) provide an affidavit attesting to the relevant facts, (2) give former counsel notice and an opportunity to respond to the allegations, and (3) if the alleged ineffectiveness involves a violation of ethical or legal duties, provide evidence that he filed a complaint with the appropriate disciplinary authorities or an explanation as to why no complaint was filed).

[5] Both the IJ and the BIA declined to exercise their sua sponte authority to reopen the removal proceedings. Antonio concedes we lack jurisdiction to review these decisions, *see Infanzon v. Ashcroft*, 386 F.3d at 1359, 1361 (10th Cir. 2012), and he does not challenge them on appeal.

Eichner[6] and the unnamed California attorney who told him he had no basis to reopen his case. He says it is "eminently reasonable that one would assume that if **multiple** attorneys informed that there was no legal avenue to re-open the case, it was reasonable for [him] to have failed to act until he did." (*Id.* at 12-13.) Yet, based on his claimed conversation with Eichner (i.e., that he had no basis to reopen his removal proceedings), he knew Boyle had given him faulty advice. Yet, he did not file his motion to reopen based on that faulty advice until years later. This is not due diligence. Moreover, there is no indication that he informed Eichner or the California attorney of Boyle's advice; therefore he cannot claim they misled him by informing him he could not seek reopening based on ineffective assistance of counsel.

The Petition for Review is **DENIED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[6] Antonio does not here claim Eichner was ineffective and nothing in the record indicates he complied with the *Lozada* requirements with respect to Eichner. *See supra* n.4.

- 4 -