FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**July 23, 2024**

**Christopher M. Wolpert
Clerk of Court**

JOSE HERNANDEZ-GAMON,

    Petitioner,

v.

MERRICK GARLAND, Attorney General,

    Respondent.

No. 23-9599
(Petition for Review)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **ROSSMAN**, Circuit Judges.
_____

In 2012, the Department of Homeland Security ("DHS") charged Petitioner

Jose Hernandez-Gamon with removability under 8 U.S.C. § 1182(a)(6)(A)(i).  In

response, he sought cancellation of removal under 8 U.S.C. § 1229b(b)(1).  The

immigration judge ("IJ") found that Mr. Hernandez-Gamon was ineligible for such

relief because he had a criminal conviction for violation of a protective order.  On

appeal, the Board of Immigration Appeals ("BIA") agreed with the IJ's analysis.

---

* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Mr. Hernandez-Gamon filed an untimely motion to reopen the proceedings, which the BIA denied. Mr. Hernandez-Gamon petitions for review of that denial, contending (1) the BIA erred in denying the motion to reopen, and (2) the BIA should have equitably tolled the deadline for his motion. We dismiss his petition for lack of jurisdiction.

## I. Background

Mr. Hernandez-Gamon is a native and citizen of Mexico who entered the United States unlawfully in 1996. In response to the DHS's charge of removability, he admitted he entered the United States without having been admitted or paroled by an immigration officer, and sought relief under a provision allowing the Attorney General to cancel removal for noncitizens who meet certain criteria. *See* 8 U.S.C. § 1229b(b)(1).

In October 2018, the IJ held that Mr. Hernandez-Gamon's conviction for violating a protective order barred him from eligibility for cancellation of removal. The BIA agreed with the IJ's reasoning and dismissed Mr. Hernandez-Gamon's appeal. Mr. Hernandez-Gamon moved the BIA to reconsider, arguing it is unclear from the record whether he was convicted of violating the "stay-away" provision of the protective order or some other provision of the order. The BIA denied the motion because Mr. Hernandez-Gamon had not raised the argument with the IJ or on appeal.

2

In August 2022, Mr. Hernandez-Gamon filed a motion to reopen his removal proceedings under 8 C.F.R. § 1003.2 (2020).[1]  He noted his previous convictions of violating a protective order and third-degree assault had been vacated because they were obtained in violation of the Constitution and that in their place, he had entered pleas to harassment and disorderly conduct.  He therefore argued that he was no longer statutorily ineligible for cancellation of removal.

The BIA denied the motion to reopen proceedings in an order dated October 13, 2023.  It held the motion was untimely because it was filed on August 15, 2022, more than 90 days after the entry of the BIA's final order of removal on July 28, 2021.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i) ("[T]he motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal.").  It then declined to exercise its sua sponte reopening authority under 8 C.F.R. § 1003.2(a).  Mr. Hernandez-Gamon filed a timely petition for review of the BIA's October 13, 2023 order.

---

[1] Section 1003.2 has been amended to substantially limit the BIA's authority to sua sponte reopen or reconsider, but the implementation of the amended regulation was stayed pursuant to nationwide injunctions issued by two federal district courts in 2021.  *See Castillo-Reyes v. Att'y Gen.*, No. 23-1238, 2024 WL 658973, at *2 n.2 (3d Cir. Feb. 16, 2024) (unpublished) (discussing effect of injunction on applicable version of regulation).  Consequently, the 2020 version of the regulation remains in effect for purposes of Mr. Hernandez-Gamon's motion to reopen.

## II. Discussion

### A. Motion to Reopen

Mr. Hernandez-Gamon acknowledges that "the [BIA] invokes sua sponte authority sparingly, treating it . . . as an extraordinary remedy reserved for truly exceptional situations." Pet'r's Br. at 12. Even so, he contends the BIA erred in declining to exercise its sua sponte reopening authority under § 1003.2(a). We generally lack jurisdiction to review such a decision because the operative regulation contains "no standards by which to judge the agency's exercise of discretion." *Jimenez v. Sessions*, 893 F.3d 704, 709 (10th Cir. 2018) (internal quotation marks omitted). As the regulation states: "The Board may at any time reopen . . . on its own motion any case in which it has rendered a decision. . . . The decision to grant or deny a motion to reopen . . . is within the discretion of the Board . . . ." § 1003.2(a).

Mr. Hernandez-Gamon argues his petition for review fits within a narrow exception to that jurisdictional bar: we may review the denial of a discretionary decision under § 1003.2(a) "where the BIA bases its discretionary decision on an incorrect legal premise." *Berdiev v. Garland*, 13 F.4th 1125, 1130 (10th Cir. 2021). Here, however, the BIA declined to reopen sua sponte because Mr. Hernandez-Gamon made no effort to show that, if the BIA reopened the proceedings, he could meet the requirements for cancellation of removal under 8 U.S.C. § 1229b(b)(1). *See Matter of Yun-Xia Chen*, 28 I. & N. Dec. 676, 681-82 (BIA 2023) (declining to reopen under § 1003.2(a) "because [movant] has not shown a reasonable likelihood

4

that all statutory requirements for cancellation of removal have been met and that she would deserve a favorable exercise of discretion"). Mr. Hernandez-Gamon does not argue, let alone establish, this was an incorrect legal premise. Instead, he asserts that the BIA based its refusal to reopen sua sponte on an incorrect account of his criminal history. He offers no authority, however, for the proposition that this would constitute an "incorrect legal premise" within the meaning of *Berdiev*, 13 F.4th at 1130.

In short, we lack jurisdiction to review the BIA's decision declining to exercise its discretion to reopen the proceedings sua sponte.

**B. Equitable Tolling**

Mr. Hernandez-Gamon also contends the BIA abused its discretion by failing to equitably toll the deadline for the motion to reopen. "The issue of equitable tolling must be exhausted through the BIA in order for this court to reach the issue." *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005). Here, Mr. Hernandez-Gamon never asked the BIA to consider equitable tolling. Indeed, he never even acknowledged his motion to reopen was late—to the contrary, he argued it was timely filed. Nor did he assert, implicitly or otherwise, that if the BIA found his motion untimely, it should equitably toll the deadline. "Because [Mr. Hernandez-Gamon] did not exhaust the equitable tolling issue through the BIA, it was not preserved for our review, and we lack jurisdiction to consider the issue." *Id.* at 1284.

5

### III. Conclusion

For the foregoing reasons, we dismiss the petition for review for lack of jurisdiction.

Entered for the Court

Jerome A. Holmes
Chief Judge