**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GUADALUPE ISMAEL CRUZ,

     Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

     Respondent.

No. 20-9516
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **EID**, Circuit Judges.
_____

Guadalupe Ismael Cruz petitions for review of an order of the Board of

Immigration Appeals (BIA or Board) denying his motion to reopen his removal

proceedings.  We deny the petition for review.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## BACKGROUND

Cruz is a native and citizen of Mexico. In 2017, the Department of Homeland Security served him with a Notice to Appear, charging that he was an alien present in the United States without being admitted or paroled and therefore subject to removal from this country. Cruz admitted the allegations in the Notice to Appear, except for its allegation that he had arrived in the United States in 1976. He contended that he had arrived several years earlier. He also claimed that his entry at that time may have been lawful and he therefore did not concede that he was subject to removal. But the immigration judge (IJ) sustained the charge, finding he had failed to meet his burden to show that he lawfully entered this country.

Cruz then filed an application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The IJ held a hearing on the application, during which Cruz admitted that his prior California convictions for violating Cal. Health & Safety Code § 11352, prohibiting transportation or distribution of illegal drugs, and for grand theft auto, likely were convictions for "particularly serious crime[s]" that disqualified him from asylum or withholding relief. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii) (asylum), 1231(b)(3)(B)(ii) (withholding). Thus, the only relief for which he remained eligible was deferral of removal under the CAT.

Cruz then testified in support of his application. He described his former gang activities and affiliations, his gang tattoos, his testimony against a rival gang member, his brother's death at the hands of gang members, and his fear that he would

2

be tortured by gang members or the authorities if he were removed to Mexico. He also submitted documentary evidence in support of his application, including information about gang activity in Mexico. Although the IJ concluded he had testified credibly, she ruled that Cruz had failed to meet his burden of proving that it was more likely than not that he would be tortured by gang members or the government if returned to Mexico. She therefore denied the application for CAT relief and ordered him removed to Mexico.

Cruz appealed to the BIA. On appeal he challenged the IJ's denial of his claim for CAT relief. The BIA agreed with the IJ concerning that claim that "considering the speculative nature of [Cruz's] claims and the lack of specific corroborating evidence, he has not established, upon his removal to Mexico, it is more likely than not that he will be tortured by or at the instigation of or with the consent or acquiescence (including 'willful blindness') of a public official or other person acting in an official capacity." Admin. R. at 39.

The BIA dismissed Cruz's appeal on June 18, 2018. Later that month, he was removed to Mexico.

In the meantime, Cruz began exploring relief from his disqualifying California drug conviction. His efforts proved successful. In January 2019, he received an order from the Superior Court of Los Angeles County vacating the drug conviction under a law adopted in 2017, Cal. Penal Code § 1473.7.[1]

---

[1] The parties do not discuss whether the grand theft auto conviction poses a continued bar to the relief Cruz seeks. In view of our denial of the petition for

On May 16, 2019, eleven months after the BIA's decision and four months after his California drug conviction was vacated, Cruz filed a motion to reopen with the BIA. He argued that as a result of the California court order he was no longer subject to the "particularly serious crime" bar. Although he had not filed his motion within the statutorily prescribed 90-day period following the entry of his final removal order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), he argued that the BIA should equitably toll the filing deadline. Alternatively, he contended that the BIA should exercise its sua sponte authority to reopen his case outside the statutory period.

The BIA denied Cruz's untimely motion to reopen. It held he was not entitled to equitable tolling because he failed to show due diligence in pursuit of his claim. The Board further stated that because his motion was untimely and he had been removed from the United States, the regulatory departure bar prevented him from seeking reopening. *See* 8 C.F.R. § 1003.2(d). Finally, it denied sua sponte reopening, both because Cruz's request was also barred by the post-departure bar and because he had failed to show "truly exceptional circumstances or a substantial likelihood that the result in his case would be changed if reopening were granted." Admin. R. at 4.

_____

review on other grounds we find it unnecessary to consider that issue. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**DISCUSSION**

We review the Board's denial of a motion to reopen for an abuse of discretion. *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted). We review the Board's legal rulings de novo. *See Ferry v. Gonzales*, 457 F.3d 1117, 1126 (10th Cir. 2006).

## 1. Equitable Tolling

A noncitizen may file one motion to reopen "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Cruz concedes he filed his motion outside this 90-day filing period, but he argues the BIA should have equitably tolled the deadline.

In denying Cruz's motion, the BIA noted that equitable tolling applies only where the noncitizen has exercised due diligence in pursuing reopening during the requested tolling period. *See, e.g.*, *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005) ("For an untimely claim to receive the benefit of equitable tolling, an alien must demonstrate . . . that [he] has exercised due diligence in pursuing the case during the period the alien seeks to toll." (ellipsis and internal quotation marks omitted)). The Board reasoned he failed to show due diligence because he did not file his motion until May 16, 2019, nearly two-and-a-half years after the California law became effective. It explained that although the California law changed before

5

the IJ proceedings concluded, Cruz did not assert a change in the law during those proceedings. The BIA rejected Cruz's argument that "he should not be expected to be aware of every development in California's criminal law," reasoning that "ignorance of the law is no excuse." Admin. R. at 3. Finally, the Board noted the delay of several months (i.e., more than 90 days) between the date the California court issued its order vacating his conviction and the date Cruz filed his motion to reopen.

Cruz argues that the BIA abused its discretion by "fail[ing] to look at . . . considerations other than time to determine if [his] case warranted equitable tolling" because "[a] simple cursory comparison of the date of filing and the regulatory time line for filing motions is not enough." *Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002). But unlike in *Riley*, the BIA discussed factors other than the delayed filing itself in reaching its conclusion that Cruz failed to act with due diligence. The BIA's findings were adequate, and we discern no abuse of discretion in its rationale for denying equitable tolling.

## 2. Post-Departure Bar

Cruz also challenges the BIA's application of the regulatory post-departure bar to his motion to reopen. An agency regulation limits the noncitizen's right to file a motion to reopen in two ways: the 90-day time bar, which we have already discussed; and a post-departure bar, which requires that the motion to reopen "shall not be made by or on behalf of a person . . . subsequent to his or her departure from the United States." 8 C.F.R. § 1003.2(d). "Thus, for an alien's motion to reopen to be legally

6

operative under the regulation, it must be filed within ninety days of a removal order and while the alien is still in the United States—an alien must avoid both bars." *Reyes-Vargas v. Barr*, 958 F.3d 1295, 1304 (10th Cir. 2020) (discussing similar regulation governing motions to reopen made to IJ).

In *Contreras-Bocanegra v. Holder*, 678 F.3d 811, 819 (10th Cir. 2012) (en banc), we invalidated the post-departure bar as it pertains to *timely* motions to reopen. *See Reyes-Vargas*, 958 F.3d at 1304 n.16. But Cruz cannot benefit from our holding in *Contreras-Bocanegra*, because his motion to reopen was untimely. He therefore fails to show the BIA abused its discretion in applying the post-departure bar to his untimely motion to reopen.

### 3. Sua Sponte Reopening

The Board also applied the departure bar to Cruz's request for sua sponte reopening. This was error. *Cf. Reyes-Vargas*, 958 F.3d at 1306 (concluding, in analyzing the IJ's sua sponte power to reopen removal proceedings, that power is "not subject to[]the post-departure bar because [8 C.F.R.] § 1003.23(b)(1)'s plain language [which is similar to § 1003.2(c)(2), (d)] limits only 'motions to reopen' to the ninety-day and post-departure bars, while for sua sponte [reopening, the agency] may reopen 'at any time'"). But the Board also reasoned, in the alternative, that Cruz had "not shown truly exceptional circumstances or a substantial likelihood that the result in his case would be changed if reopening were granted such that would warrant the Board's exercise of its discretion to reopen these proceedings sua sponte." Admin. R. at 4. Although Cruz contends the Board's reasoning was flawed

7

and that his case merits sua sponte reopening, we lack jurisdiction to consider those challenges. *See Reyes-Vargas*, 958 F.3d at 1300 ("[W]e do not have jurisdiction to consider a petitioner's claim that the [Board] should have sua sponte reopened the proceedings because there are no standards by which to judge the agency's exercise of discretion." (internal quotation marks omitted)). We discern no legal issues underlying the BIA's reasoning that we have jurisdiction to review, and we lack jurisdiction to review its discretionary decision.

## CONCLUSION

We deny the petition for review.

Entered for the Court


Jerome A. Holmes
Circuit Judge

8