**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HECTOR EMILIANO PORTILLO
MARTINEZ,

      Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

      Respondent.

No. 19-9584
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

Petitioner Hector Emiliano Portillo Martinez seeks review of the Board of

Immigration Appeals' ("BIA") denial of his motion to reopen removal proceedings.

Mr. Portillo Martinez further asks us to impose sanctions on the government. We

deny his request for sanctions, but we remand this matter to the BIA to consider

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Portillo Martinez's motion, without reliance on precedent that is no longer valid in this circuit.

## I.    BACKGROUND

On March 22, 2005, within days of entering the United States without inspection, Mr. Portillo Martinez was served with a notice to appear charging him as removable. As was common in that era, Mr. Portillo Martinez's notice to appear did not contain the time and date of his removal hearing. Mr. Portillo Martinez's hearing was subsequently scheduled for July 13, 2005, in San Antonio, Texas. Mr. Portillo Martinez did not attend that hearing, and, as a result, he was ordered removed in absentia.

On January 14, 2008, an Immigration Judge ("IJ") granted Mr. Portillo Martinez's motion to reopen his removal proceedings, finding Mr. Portillo Martinez had established he did not "receive notice of his [2005] hearing through no fault of his own." AR at 142–43. On April 7, 2010, the IJ granted Mr. Portillo Martinez permission to voluntarily depart the United States prior to the completion of his removal proceedings. *See* 8 U.S.C. § 1229c(a). Mr. Portillo Martinez agreed to depart by August 5, 2010, and the IJ entered an alternate order of removal that became effective if Mr. Portillo Martinez failed to depart by that date.

Mr. Portillo Martinez did not depart the United States, and, in September of 2018, he filed a motion to again reopen his removal proceedings. Among other things, Mr. Portillo Martinez argued the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), rendered him prima facie eligible for cancellation

of removal, and that any procedural barriers to that relief should be excused on equitable grounds. On October 4, 2018, the IJ denied the motion, concluding it was defective on both procedural and substantive grounds.

Mr. Portillo Martinez appealed the IJ's decision to the BIA, and on September 27, 2019, the BIA dismissed his appeal, issuing a written decision finding that Mr. Portillo Martinez had not established prima facie eligibility for cancellation of removal and that, even if he were otherwise eligible, his failure to voluntarily depart in 2010 operated to withhold that relief from him for a period of ten years.

Mr. Portillo Martinez timely filed this petition for review.

## II.    DISCUSSION

### A.  *Mr. Portillo Martinez's Petition for Review*

"We review the BIA's denial of [Mr. Portillo Martinez's] motion to reopen for an abuse of discretion." *See Qui v. Sessions*, 870 F.3d 1200, 1202 (10th Cir. 2017). The BIA abuses its discretion when its order contains legal error, "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005) (quotation marks omitted).

The parties spend the bulk of their briefing debating the propriety of the BIA's decision in *In re Mendoza-Hernandez*, 27 I. & N. Dec. 520, 529 (BIA 2019) (en banc), which held that, for purposes of triggering the "stop-time" rule,[1] a defective

---

[1] Under the so-called "stop-time" rule, an alien's eligibility for cancellation of removal under 8 U.S.C. § 1229b(b)(1) is terminated when, before the alien accrues

notice to appear is cured by subsequent service of a notice of hearing that supplies the previously-omitted information—the so-called "two-step" process for triggering the "stop-time" rule.[2] But in an opinion issued on March 25, 2020, after the instant petition became fully briefed, we rejected the reasoning of *Mendoza-Hernandez*, concluding that "the stop-time rule is triggered by one complete notice to appear rather than a combination of documents." *Banuelos-Galviz v. Barr*, 953 F.3d 1176, 1178 (10th Cir. 2020). Thus, in this circuit, "the stop-time rule is not triggered by the combination of an incomplete notice to appear and a notice of hearing." *Id.* at 1184.

Because the BIA's conclusion that Mr. Portillo Martinez has not demonstrated prima facie eligibility for cancellation of removal relied on the government's compliance with the "two-step" process we have now held insufficient, we must set aside its order. *See* AR at 4–5 (identifying "various Notices of Hearing" received by Mr. Portillo Martinez and concluding that "[c]onsistent with *Mendoza-Hernandez*,

---

ten years of continual physical presence in the United States, the government serves the alien with a notice to appear, thereby initiating removal proceedings. *See* 8 U.S.C. § 1229b(d)(1).

[2] Mr. Portillo Martinez appears to suggest further that the IJ who granted him pre-conclusion voluntary departure and entered an alternate order of removal was without jurisdiction to do so. Along with nine other circuits, we have definitively rejected any argument that a deficient notice to appear divests Immigration Judges of jurisdiction over removal proceedings. *See Martinez-Perez v. Barr*, 947 F.3d 1273, 1278 (10th Cir. 2020) ("[T]he requirements relating to notices to appear are non-jurisdictional, claim-processing rules."); *Lopez-Munoz v. Barr*, 941 F.3d 1013, 1017 (10th Cir. 2019) ("[Section] 1229(a) is non-jurisdictional."). These decisions foreclose Mr. Portillo Martinez's jurisdictional attack.

4

the respondent has not established that he is prima facie eligible for cancellation of removal." (citation omitted)).

The government makes only one other argument for affirmance: that Mr. Portillo Martinez's failure to depart voluntarily pursuant to the 2010 order rendered him ineligible to seek voluntary cancellation for a period of ten years. *See* 8 U.S.C. § 1229c(d)(1)(B) (declaring that "if an alien is permitted to depart voluntarily under this section and voluntarily fails to depart the United States within the time period specified, the alien . . . shall be ineligible, for a period of 10 years" to receive discretionary cancellation of removal pursuant to § 1229b). But the parties agree that Mr. Portillo Martinez's ten-year period of ineligibility expired on April 7, 2020. As a result, the BIA's order cannot be sustained on this ground.[3]

We note that the BIA identified other procedural hurdles precluding the reopening of Mr. Portillo Martinez's removal proceedings. But the government does

---

[3] The government characterizes this barrier as impacting the justiciability of this appeal as a matter of Article III standing. The government argues Mr. Portillo Martinez cannot establish that he will suffer an imminent, "concrete and particularized" injury in fact. Resp. Br. at 24–25 (quoting *Lujan v. Defs. of Wildlife*, 503 U.S. 555, 560 (1992)). But that Mr. Portillo Martinez faces an imminent injury in the form of removal is beyond dispute. If anything, Mr. Portillo Martinez's additional and independent bar to cancellation of removal (owing to the ten-year period of ineligibility) is relevant to the *redressability* requirement of Article III standing.

Now that Mr. Portillo Martinez's ten-year bar to cancellation of removal has expired, he has established a likelihood that his injury will be redressed by a favorable decision. But even if this source of ineligibility persisted, he would still have standing on appeal because, "[w]here there are legal impediments to the recovery sought, it is enough for standing that the relief sought will remove some of those legal roadblocks, even if others may remain." *See Cal. Sea Urchin Comm'n v. Bean*, 883 F.3d 1173, 1181–82 (9th Cir. 2018).

not defend the BIA's order on those grounds, presumably because the BIA relied on the government's compliance with the two-step process to the exclusion of these procedural obstacles. Indeed, Mr. Portillo Martinez asserted that he should be excused from these procedural requirements on equitable grounds, but the BIA expressly withheld decision on "the merits of [Mr. Portillo Martinez's] equitable" arguments because it believed the government had triggered the stop-time rule by the combination of a defective notice to appear and multiple subsequent notices of hearing. AR at 4–5.

In sum, the BIA erred by relying on the government's compliance with an impermissible method for triggering the stop-time rule to deny Mr. Portillo Martinez's motion to reopen removal proceedings, thereby committing legal error and abusing its discretion. And because Mr. Portillo Martinez is no longer prohibited from receiving cancellation of removal for failing to voluntarily depart, the BIA's order cannot be sustained on that ground.

**B.** *Mr. Portillo Martinez's Request for Sanctions*

In his reply brief, Mr. Portillo Martinez asks us to assess monetary sanctions against the government for what he characterizes as the government's "attempt to confuse this Court and . . . continu[e] the errors of law and fact committed by the IJ and the [BIA]." Reply Br. at 18.

"We must deny this request because [Mr. Portillo Martinez] failed to file a separate motion or notice requesting sanctions." *Abeyta v. City of Albuquerque*, 664 F.3d 792, 797 (10th Cir. 2011). "A separately filed motion requesting sanctions

constitutes notice. A statement inserted in a party's brief that the party moves for sanctions is not sufficient notice." Fed. R. App. P. 38 advisory committee's note to 1994 amendment; *see Kelley v. Smith's Food & Drug Ctrs., Inc.*, 793 F. App'x 787, 792 (10th Cir. 2019) (unpublished) (applying rule to deny request for sanctions, inserted in appellant's reply brief, for appellee's assertion of "multiple baseless allegations" on appeal).

## III.    CONCLUSION

For the above reasons, we grant Mr. Portillo Martinez's petition for review and remand to the BIA for further proceedings consistent with this order and judgment. Mr. Portillo Martinez's request for sanctions is denied.

Entered for the Court

Carolyn B. McHugh
Circuit Judge